# EXHIBIT A

ELECTRONICALLY FILED - 2023 Oct 23 11:16 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA )<br>COUNTY OF BERKELEY ) | IN THE COURT OF COMMON PLEAS<br>FOR THE 9TH JUDICIAL CIRCUIT<br>CASE NO: 2023-CP-08 |
| LAURA HARRIS,<br><br>Plaintiff,<br>v.<br><br>JOHN DOE, INDIVIDUALLY and as MANAGER/GENERAL MANAGER OF WALMART INC. d/b/a WALMART NEIGHBORHOOD MARKET #3899; WALMART INC. d/b/a WALMART NEIGHBORHOOD MARKET #3899; WALMART INC.; WAL-MART STORES EAST, LP; WAL-MART REAL ESTATE BUSINESS TRUST; and REALTY INCOME PROPERTIES 16, LLC;<br><br>Defendants. | **SUMMONS**<br>**(Jury Trial Demanded)** |

**TO: THE DEFENDANTS ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the Plaintiff or Plaintiff's attorneys, India D. Shaw and Lane D. Jefferies at their offices at 32 Ann Street, Charleston, South Carolina, 29403, within (30) days after the service hereof, exclusive of the day of such service and if you fail to Answer the Complaint within the time aforesaid, Plaintiff will apply to the court for the relief demanded in the Complaint.

Dated at Charleston, South Carolina on October 23, 2023.

**[SIGNATURE PAGE TO FOLLOW]**

ELECTRONICALLY FILED - 2023 Oct 23 11:16 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

**POULIN | WILLEY | ANASTOPOULO, LLC**

*s/India D. Shaw*________
India D. Shaw, Esquire
S.C. Bar No.: 104339
Lane D. Jefferies, Esquire
S.C. Bar No.:101764
Poulin | Willey | Anastopoulo, LLC
32 Ann Street
Charleston, SC 29403
(803) 222-2222
TeamShaw@poulinwilley.com

ELECTRONICALLY FILED - 2023 Oct 23 11:16 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

IN THE STATE OF SOUTH CAROLINA )
COUNTY OF BERKELEY )

IN THE COURT OF COMMON PLEAS
FOR THE 9TH JUDICIAL CIRCUIT
CASE NO: 2023-CP-08

LAURA HARRIS,

Plaintiff,

v.

JOHN DOE, INDIVIDUALLY and as MANAGER/GENERAL MANAGER OF WALMART INC. d/b/a WALMART NEIGHBORHOOD MARKET #3899; WALMART INC. d/b/a WALMART NEIGHBORHOOD MARKET #3899; WALMART INC.; WAL-MART STORES EAST, LP; WAL-MART REAL ESTATE BUSINESS TRUST; and REALTY INCOME PROPERTIES 16, LLC;

Defendants.

**COMPLAINT**
**(Jury Trial Demanded)**

The Plaintiff, complaining of the Defendants, alleges and says as follows:

**CASE SYNOPSIS**

1. Defendants own and operate Walmart, a shopping store. The store is open to the public as a shopping retailer.

2. Unfortunately, despite knowing persons are present and actively shopping in the store, Defendants conduct their business by placing unsecured and overloaded shelves and/or displays throughout the store during regular business hours. These displays are placed and left by individuals who are neither properly trained nor supervised. Neither do Defendants provide any sort of warning about hazardous conditions within the store. Worse, many shelves are improperly maintained and haphazardly placed.

3. On July 29, 2021, Plaintiff, Laura Harris, was shopping at Walmart when bottles of wine fell from an unsecured and overloaded shelf which collapsed. The encounter caused her to suffer a concussion and multiple contusions.

4. First responders rushed Mrs. Harris to the hospital. Mrs. Harris is now faced with serious and permanent injuries along with over $12,000.00 in medical bills.

5. Had Defendants not placed an unsecured self in their store overloading it with bottles of wine beyond capacity none of this would have happened.

ELECTRONICALLY FILED - 2023 Oct 23 11:16 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

## SPECIFIC AVERMENTS

6. That the Plaintiff, Laura Harris, (herein referred to as "Plaintiff") is a citizen and resident of Berkeley County, State of South Carolina.

7. That upon information and belief, John Doe, Individually and as Manager/General Manager of Walmart Inc. d/b/a Walmart Neighborhood Market #3899, (herein referred to as "Defendant John Doe") is a citizen and resident of Berkeley County, State of South Carolina.

8. That Defendant Walmart Inc., (herein referred to as "Defendant Walmart Inc.") is a limited partnership organized and existing under the laws of the State of Delaware, doing business and owning real property in Berkeley County, and whose registered agent for service of process is The Corporation Trust Company at Corporation Trust Center 1209 Orange Street, Wilmington, Delaware, 19801.

9. That Defendant Wal-Mart Stores East, LP, (herein referred to as "Defendant Wal-Mart Stores East") is a limited partnership organized and existing under the laws of the State of Delaware, doing business and owning real property in Berkeley County, and whose registered agent for service of process is The Corporation Trust Company at Corporation Trust Center 1209 Orange Street, Wilmington, Delaware, 19801.

10. That Defendant Wal-Mart Real Estate Business Trust, (herein referred to as "Defendant Wal-Mart Real Estate") is a limited partnership organized and existing under the laws of the State of Delaware, doing business and owning real property in Berkeley County, and whose registered agent for service of process is The Corporation Trust Company at Corporation Trust Center 1209 Orange Street, Wilmington, Delaware, 19801.

ELECTRONICALLY FILED - 2023 Oct 23 11:16 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

11. That Defendant Realty Income Properties 16, LLC (herein referred to as "Defendant Realty Income Properties") is a limited liability company organized and existing under the laws of the State of Delaware, doing business and owning real property in Berkeley County, and whose registered agent for service of process is Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware, 19808.

12. That Defendant John Doe, Defendant Walmart Neighborhood Market #3899, Defendant Walmart Inc., Defendant Wal-Mart Stores East, Defendant Wal-Mart Real Estate, and Defendant Realty Income Properties are referred to herein collectively as "Defendants" and each individually by name or as "Defendant."

13. That on or about July 29, 2021, Plaintiff was a customer, as an invitee and for the benefit of the Defendants, at Defendants' place of business located at 215 Saint James Avenue, Goose Creek, South Carolina, 29445 (herein referred to as "Premises").

14. That at all times relevant, Defendant John Doe was a manager and/or General Manager of Defendant Walmart Inc. d/b/a Walmart Neighborhood Market #3899, with responsibility for cleaning, monitoring, and maintaining the Premises to ensure that they were safe, clean, and not dangerous to persons such as Plaintiff.

15. That as manager and/or General Manager of Defendant Walmart Inc. d/b/a Walmart Neighborhood Market #3899 and Defendant Realty Income Properties, Defendant John Doe had power, authority, and responsibility to manage, direct, superintend, restrict, regulate, govern, administer, and/or oversee the management of the Premises to ensure that they were safe, clean, and not dangerous to persons such as Plaintiff.

16. That Defendant Walmart Inc. d/b/a Walmart Neighborhood Market #3899 is a tenant of, and/or manages the Premises for Defendant Realty Income Properties 16, LLC, or is a

ELECTRONICALLY FILED - 2023 Oct 23 11:16 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

partner with or part of a single business enterprise with Defendant John Doe, Defendant Realty Income Properties 16, LLC.

17. That upon information and belief, Defendant Walmart Inc., Defendant Walmart Inc. d/b/a Walmart Neighborhood Market #3899, Defendant Realty Income Properties, and Defendant Walmart Stores East have identical or nearly identical ownership, governance, management, office locations, letterhead, equipment, telephone numbers, and other indicia of corporate identity.

18. That upon information and belief, Defendant Walmart Inc., Defendant Realty Income Properties, Defendant Wal-Mart Stores East, Defendant John Doe, Defendant Wal-Mart Real Estate and Defendant Walmart Inc. d/b/a Walmart Neighborhood Market #3899 are so intertwined as to constitute a single business enterprise, and/or partnership.

19. That injustice to Plaintiff and/or others would result were this Court to recognize any legal distinction between Defendant Walmart Inc., Defendant Realty Income Properties, Defendant Wal-Mart Stores East, Defendant John Doe, Defendant Wal-Mart Real Estate and Defendant Walmart Inc. d/b/a Walmart Neighborhood Market #3899, when the entities themselves have blurred, ignored, or wholly erased such distinctions.

20. That (a) Defendant John Doe, (b) Defendant Walmart Inc. d/b/a Walmart Neighborhood Market #3899, (c) Defendant Walmart Inc., (d) Defendant Wal-Mart Stores East, (e) Defendant Wal-Mart Real Estate, and (f) Defendant Realty Income Properties individually, are jointly and severally liable for Plaintiff's damages.

21. That the falling object which is the subject of this action occurred in Berkeley County, State of South Carolina.

22. That this Court has jurisdiction over the parties and the subject matter of this action.

ELECTRONICALLY FILED - 2023 Oct 23 11:16 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

**FOR A FIRST CAUSE OF ACTION**
**(Premises Liability; Negligence)**

23. That On or about July 29, 2023, due to the negligence of the Defendants, an unsecured add-on shelf loaded with wine fell atop Plaintiff while at Walmart located at 605 St James Ave, Goose Creek, SC 29445 ("Premises").

24. That as a natural and foreseeable result of Plaintiff being struck by the unsecured add-on shelf and wine bottles, Plaintiff suffered an extreme high-impact collision with both the shelf, wine bottles, and the floor, resulting in severe and acute injury.

25. That Defendants either knew or should have known that the area where Plaintiff was hit presented a danger to persons upon the Premises; or that Defendants created the dangerous condition.

26. That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, wantonness, and acts and/or omissions of the Defendants, as is set forth more fully above, Plaintiff was injured, has endured pain and suffering, has suffered mentally and emotionally, and has incurred, and will incur various medical expenses, and has otherwise been damaged and injured.

27. The falling object and resulting injuries and damages to Plaintiff were caused directly and proximately by one or more of the following negligent, negligent *per se,* grossly negligent, careless, reckless, willful, wanton and unlawful acts, and/or omissions of the Defendants in any one or more of the following ways:

   a. In failing to observe the dangerous condition of the aisle;

   b. In failing to properly keep the aisle clear of falling object hazards;

   c. In failing to properly stock items on Premises;

   d. In failing to appreciate the gravity of the dangers associated with having

ELECTRONICALLY FILED - 2023 Oct 23 11:16 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

unstable and/or unsecure add-on shelf on the aisle;

e. Failing to supervise in the correct installation and maintenance of the add-on shelf tower;

f. In failing to enact policies that would ensure the safety of licensees and invitees on the Premises;

g. In failing and omitting to take any precaution whatsoever of a reasonable nature to protect this Plaintiff from the dangers on the aisle on the occasion that the Plaintiff was using the same;

h. In failing to adequately warn the Plaintiff as to any dangers that may be present on the Premises;

i. In any such manner the Plaintiff may discover through the discovery process or trial.

**FOR A SECOND CAUSE OF ACTION**
**(Negligent Hiring, Training, Supervision and Retention)**

28. Plaintiff incorporates by reference the allegations set forth above as if fully set forth herein.

29. Plaintiff is informed and believes that Defendants were negligent, careless, reckless, wanton, and grossly negligent at the time and place hereinabove mentioned in one or more of the following:

a. In failing to have in place policies and procedures to properly hire, train, supervise and/or retain their employees, contractors, and/or subcontractors, and/or if such procedures were in place, in failing to enforce them;

b. In failing to have in place adequate policies or procedures to mandate compliance by their employees, contractors, and/or subcontractors with

ELECTRONICALLY FILED - 2023 Oct 23 11:16 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

regulations, policies, procedures and standards related to installation and maintenance on the Premises;

c. In failing to ensure that their employees, contractors, and/or subcontractors had the proper training and experience; and

d. In generally failing to use the degree of care and caution that should have been used under the same or similar circumstances

30. That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of the Defendants, as is set forth more fully above, Plaintiff has been damaged and injured in the following respects:

a. Plaintiff has been required to expend a significant amount of money for Plaintiff's medical care, treatment and attendant services;

b. Upon information and belief, the nature of the Plaintiff's injuries will require Plaintiff to expend a significant amount of money for future medical care, treatment and attendant services; and

c. The pain of Plaintiff's injuries has resulted in Plaintiff's loss of enjoyment of life and change in Plaintiff's personality, all to the permanent detriment of Plaintiff's health and physical well-being.

31. That Defendants' acts and omissions, as are set forth more fully above, show willful misconduct, malice, wantonness and an entire want of care, raising a presumption of the Defendants' conscious indifference to the consequences of such acts and omissions.

32. That because of the Defendants' acts and omissions and the proximate harm resulting to Plaintiff, Plaintiff should be awarded punitive damages in an amount to be determined by the trier of fact, in order to punish and penalize the Defendants and to deter the

ELECTRONICALLY FILED - 2023 Oct 23 11:16 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

Defendants and others from similar behavior.

33. That upon information and belief, Plaintiff is entitled to judgment against the Defendants for actual, compensatory and exemplary or punitive damages for Plaintiff's personal injuries set forth here in an amount that is fair, just and reasonable under the circumstances, plus whatever costs, interest and attorney fees to which Plaintiff may be entitled to be determined by a jury.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendants for an amount to be ascertained by the jury at the trial of this action for all damages, punitive and actual, for the cost and disbursements of this action, and both prejudgment and post judgment interest, and for such other and further relief, in law or in equity, as this court may deem just and proper.

Respectfully submitted,

**POULIN | WILLEY | ANASTOPOULO, LLC**

*s/India D. Shaw*________
India D. Shaw, Esquire
S.C. Bar No.: 104339
Lane D. Jefferies, Esquire
S.C. Bar No.:101764
Poulin | Willey | Anastopoulo, LLC
32 Ann Street
Charleston, SC 29403
(803) 222-2222
TeamShaw@poulinwilley.com

Charleston, South Carolina
October 23, 2023

ELECTRONICALLY FILED - 2024 Feb 20 9:01 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

IN THE COURT OF COMMON PLEAS OF THE STATE OF SOUTH CAROLINA FOR BERKELEY COUNTY

| | |
|---|---|
| **LAURA HARRIS**<br>Plaintiff/Petitioner<br>vs.<br>**JOHN DOE, INDIVIDUALLY AND AS MANAGER/GENERAL MANAGER OF WALMART INC. D/B/A WALMART NEIGHBORHOOD MARKET #3899, ET AL.**<br>Defendant/Respondent | DOCKET NO: **2023-CP-08-02988**<br>FILING DATE: **10/23/2023**<br>AFFIDAVIT OF SERVICE OF:<br>**SUMMONS; COMPLAINT; LETTER; PLAINTIFF'S STANDARD AND FIRST SUPPLEMENTAL INTERROGATORIES TO DEFENDANT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT** |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **25th day of January, 2024**, at **11:10 AM**, at the address of **251 Little Falls Dr, Wilmington, New Castle County, DE 19808**; this affiant served the above described documents upon **REALTY INCOME PROPERTIES 16, LLC c/o Corporation Service Company** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **Corporation Service Company, I delivered the documents to Corporation Service Company with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 25-35 years of age, 5'6"-5'8" tall and weighing 160-180 lbs. Shannon Miller accepted service..**

Date: 1/26/2024

[signature]

**Jerrold Allen**

SUBSCRIBED AND SWORN to before me this 26 day of January, 2024

[signature]

NOTARY PUBLIC in and for the State of ~~Delaware~~ Maryland

My commission expires 7/16/2025

ANTIONETTE ROSS NOTARY PUBLIC HARFORD COUNTY, MD

ELECTRONICALLY FILED - 2024 Feb 20 9:01 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

IN THE COURT OF COMMON PLEAS OF THE STATE OF SOUTH CAROLINA FOR BERKELEY COUNTY

| | |
|---|---|
| **LAURA HARRIS**<br>Plaintiff/Petitioner<br>vs.<br>**JOHN DOE, INDIVIDUALLY AND AS MANAGER/GENERAL MANAGER OF WALMART INC. D/B/A WALMART NEIGHBORHOOD MARKET #3899, ET AL.**<br>Defendant/Respondent | DOCKET NO: **2023-CP-08-02988**<br>FILING DATE: **10/23/2023**<br><br>AFFIDAVIT OF SERVICE OF:<br>**SUMMONS; COMPLAINT; PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT; PLAINTIFF'S STANDARD AND FIRST SUPPLEMENTAL INTERROGATORIES TO DEFENDANT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT** |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **25th day of January, 2024**, at **11:42 AM**, at the address of **1209 N Orange St, Wilmington, New Castle County, DE 19801**; this affiant served the above described documents upon **WALMART INC. c/o The Corporation Trust Company** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **The Corporation Trust Company**, **I delivered the documents to The Corporation Trust Company with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 45-55 years of age, 5'8"-5'10" tall and weighing 180-200 lbs. Chimere Brooks accepted service.**.

Date: 1/26/2024

[signature]
**Jerrold Allen**

SUBSCRIBED AND SWORN to before me this 26 day of January, 2024

[signature]
NOTARY PUBLIC in and for the State of ~~Delaware~~ Maryland
My commission expires 7/16/2025

ANTIONETTE ROSS NOTARY PUBLIC HARFORD COUNTY, MD

REF: **REF-14758801**
FOR: **Poulin Willey Anastopoulo LLC**



ORIGINAL AFFIDAVIT OF SERVICE

Tracking #: **0123007410**

ELECTRONICALLY FILED - 2024 Feb 20 9:01 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

IN THE COURT OF COMMON PLEAS OF THE STATE OF SOUTH CAROLINA FOR BERKELEY COUNTY

**LAURA HARRIS**

Plaintiff/Petitioner

vs.

**JOHN DOE, INDIVIDUALLY AND AS MANAGER/GENERAL MANAGER OF WALMART INC. D/B/A WALMART NEIGHBORHOOD MARKET #3899, ET AL.**

Defendant/Respondent

DOCKET NO: **2023-CP-08-02988**

FILING DATE: **10/23/2023**

AFFIDAVIT OF SERVICE OF:

**SUMMONS; COMPLAINT; LETTER; PLAINTIFF'S STANDARD AND FIRST SUPPLEMENTAL INTERROGATORIES TO DEFENDANT; PLAINITFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **25th day of January, 2024**, at **11:18 AM**, at the address of **215 Saint James Ave, Goose Creek, Berkeley County, SC 29445**; this affiant served the above described documents upon **Walmart Neighborhood Market #3899** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **Angel Davis**, **I delivered the documents to Angel Davis who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired female contact 35-45 years of age, 5'8"-5'10" tall and weighing 140-160 lbs..**

Date: JAN 25 2024

[signature]

**Diane Giddings, Reg. # 101900897, SC**

SUBSCRIBED AND SWORN to before me this _____ day of JAN 25 2024, 20___.

[signature]

NOTARY PUBLIC in and for the State of **South Carolina**

My commission expires 4/23/24

ROBIN D GIDDINGS NOTARY PUBLIC EXP. 04/23/2024 SOUTH CAROLINA

REF: **REF-14758441**

FOR: **Poulin Willey Anastopoulo LLC**

PAGE 1 OF 1

ORIGINAL AFFIDAVIT OF SERVICE

Tracking #: **0123004158**

IN THE COURT OF COMMON PLEAS OF THE STATE OF SOUTH CAROLINA FOR BERKELEY COUNTY

ELECTRONICALLY FILED - 2024 Feb 20 9:01 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

| | |
|---|---|
| **LAURA HARRIS**<br>Plaintiff/Petitioner<br>vs.<br>**JOHN DOE, INDIVIDUALLY, AND AS MANAGER/GENERAL MANAGER OF WALMART INC. D/B/A WALMART NEIGHBORHOOD MARKET #3899, ET AL.**<br>Defendant/Respondent | DOCKET NO: **2023-CP-08-02988**<br>FILING DATE: **10/23/2023**<br><br>AFFIDAVIT OF SERVICE OF:<br>**SUMMONS; COMPLAINT; LETTER; PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT; PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT; PLAINTIFF'S STANDARD AND FIRST SUPPLEMENTAL INTERROGATORIES TO DEFENDANT** |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **25th day of January, 2024**, at **11:40 AM**, at the address of **1209 N Orange St, Wilmington, New Castle County, DE 19801**; this affiant served the above described documents upon **Wal-Mart Real Estate Business Trust** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **Chimere Brooks**, **I delivered the documents to Chimere Brooks who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 45-55 years of age, 5'8"-5'10" tall and weighing 180-200 lbs..**

Date: 1/26/2024

**Jerrold Allen**

SUBSCRIBED AND SWORN to before me this 26 day of January, 20 24

Antionette Ross
NOTARY PUBLIC in and for the State of ~~Delaware~~ Maryland
My commission expires 9/16/2025

ANTIONETTE ROSS NOTARY PUBLIC HARFORD COUNTY, MD

IN THE COURT OF COMMON PLEAS OF THE STATE OF SOUTH CAROLINA FOR BERKELEY COUNTY

ELECTRONICALLY FILED - 2024 Feb 20 9:01 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

**LAURA HARRIS**

Plaintiff/Petitioner

vs.

**JOHN DOE, INDIVIDUALLY AND AS MANAGER/GENERAL MANAGER OF WALMART INC. D/B/A WALMART NEIGHBORHOOD MARKET #3899, ET AL.**

Defendant/Respondent

DOCKET NO: **2023-CP-08-02988**

FILING DATE: **10/23/2023**

AFFIDAVIT OF SERVICE OF:

**LETTER; SUMMONS; COMPLAINT; PLAINTIFF'S STANDARD AND FIRST SUPPLEMENTAL INTERROGATORIES TO DEFENDANT; PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **25th day of January, 2024**, at **11:41 AM**, at the address of **1209 N Orange St, Wilmington, New Castle County, DE 19801**; this affiant served the above described documents upon **WAL-MART STORES EAST, LP c/o The Corporation Trust Company** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **The Corporation Trust Company**, **I delivered the documents to The Corporation Trust Company with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 45-55 years of age, 5'8"-5'10" tall and weighing 180-200 lbs. Chimere Brooks accepted service..**

Date: 1/26/2024

[signature]

**Jerrold Allen**

SUBSCRIBED AND SWORN to before me this 26 day of January, 20 24

[signature]

NOTARY PUBLIC in and for the State of ~~Delaware~~ Maryland

My commission expires 7/16/2025

ANTIONETTE ROSS NOTARY PUBLIC HARFORD COUNTY, MD

REF: **REF-14759364**

FOR: **Poulin Willey Anastopoulo LLC**

PAGE 1 OF 1

ORIGINAL AFFIDAVIT OF SERVICE

Tracking #: **0123007323**

ELECTRONICALLY FILED - 2024 Feb 20 9:11 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

# Certificate of Electronic Notification

| Recipients |
| --- |
| **India Shaw** - Notification transmitted on 02-20-2024 09:01:28 AM. |

ELECTRONICALLY FILED - 2024 Feb 20 9:11 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2023CP0802988

| | |
|---|---|
| **Official File Stamp:** | 02-20-2024 09:01:14 AM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Berkeley |
| **Case Caption:** | Laura Harris VS Walmart Inc. , defendant, et al |
| **Document(s) Submitted:** | Service/Affidavit Of Service |
| | Service/Affidavit Of Service |
| | Service/Affidavit Of Service |
| | Service/Affidavit Of Service |
| | Service/Affidavit Of Service |
| **Filed by or on behalf of:** | India Dorothy Shaw |

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

India Dorothy Shaw for Laura Harris

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

D/B/A Walmart Neighborhood Market #3899

John Doe

Walmart Inc.

Wal-Mart Stores East, Lp

Wal-Mart Real Estate Business Trust

Realty Income Properties 16, Llc

Walmart Inc.

ELECTRONICALLY FILED - 2024 Feb 23 1:04 PM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

# Certificate of Electronic Notification

| Recipients |
|---|
| **India Shaw** - Notification transmitted on 02-23-2024 01:02:01 PM. |

ELECTRONICALLY FILED - 2024 Feb 23 1:04 PM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2023CP0802988

| | |
|---|---|
| **Official File Stamp:** | 02-23-2024 01:01:49 PM |
| **Court:** | CIRCUIT COURT<br>Common Pleas<br>Berkeley |
| **Case Caption:** | Laura Harris VS Walmart Inc. , defendant, et al |
| **Event(s):** | |
| Notice/Notice of Appearance | |
| **Document(s) Submitted:** | Answer/Answer |
| **Filed by or on behalf of:** | Robert Canna Blain |

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

India Dorothy Shaw for Laura Harris

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

D/B/A Walmart Neighborhood Market #3899

John Doe

Walmart Inc.

Wal-Mart Stores East, Lp

Wal-Mart Real Estate Business Trust

Realty Income Properties 16, Llc

Walmart Inc.

ELECTRONICALLY FILED - 2024 Feb 23 1:01 PM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF BERKELEY | COURT OF COMMON PLEAS<br>NINTH JUDICIAL CIRCUIT<br><br>Civil Action No. 2023-CP-08-02988 |
| Laura Harris,<br><br>Plaintiff,<br>vs.<br><br>John Doe, Individually and as Manager/General Manager of Walmart Inc. d/b/a Walmart Neighborhood Market #3899; Walmart Inc. d/b/a Walmart Neighborhood Market #3899; Walmart Inc.; Wal-Mart Stores East, LP; Wal-Mart Real Estate Business Trust; and Realty Income Properties 16, LLC,<br><br>Defendants. | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br>**(Jury Trial Requested)** |

**TO: PLAINTIFF AND HER COUNSEL, INDIA SHAW, ESQ. AND LANE D. JEFFERIES, ESQ.:**

Defendants John Doe, Individually and as Manager/General Manager of Walmart Inc. d/b/a Walmart Neighborhood Market #3899; Walmart Inc. d/b/a Walmart Neighborhood Market #3899; Walmart, Inc.; Wal-Mart Stores East, LP; and Wal-Mart Real Estate Business Trust (hereinafter "Walmart Defendants" or "Walmart"), by and through their undersigned counsel, hereby answer Plaintiff's Complaint in the above-captioned case as set forth below. Walmart denies each and every allegation contained in Plaintiff's Complaint unless specifically admitted herein.

## FOR A FIRST DEFENSE

1. In response to the allegations of Paragraph 1, Walmart admits that Wal-Mart Stores East, L.P. operated the retail store Walmart Neighborhood Market #3899 at all times relevant to the present action. Walmart further responds that Wal-Mart Stores East, L.P. is the sole proper corporate defendant.

2. Walmart denies the allegations of Paragraph 2.

ELECTRONICALLY FILED - 2024 Feb 23 1:01 PM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

3. Walmart admits the allegations of Paragraph 3 only to the extent they allege Plaintiff was present in Walmart Neighborhood Market #3899 on July 29, 2021. Walmart denies the remaining allegations in Paragraph 3 of Plaintiff's Complaint.

4. Walmart denies the allegations of Paragraph 4.

5. Walmart denies the allegations of Paragraph 5.

6. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6; thus, Walmart neither admits nor denies these allegations.

7. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 regarding John Doe.

8. In response to the allegations of Paragraph 8, Walmart admits Walmart, Inc. is organized and existing pursuant to the laws of Delaware. Further responding, Walmart, Inc. is not a proper party to this case, and Wal-Mart Stores East, L.P. is the sole proper corporate defendant.

9. In response to the allegations of Paragraph 9, Walmart responds that Wal-Mart Stores East, LP, is a limited partnership organized and existing pursuant to the laws of Delaware with its principal place of business in Bentonville, Arkansas, and it is does business in Berkeley County, South Carolina. Wal-Mart Stores East, L.P. operated the subject store at all times relevant to this case, and it is the sole proper corporate defendant.

10. In response to the allegations of Paragraph 10, Walmart admits Wal-Mart Real Estate Business Trust is organized and existing pursuant to the laws of Delaware. Further responding, Wal-Mart Real Estate Business Trust is not a proper party to this case, and Wal-Mart Stores East, L.P. is the sole proper corporate defendant.

11. The allegations of Paragraph 11 are not directed toward Walmart, and therefore, no response is required.

ELECTRONICALLY FILED - 2024 Feb 23 1:01 PM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

12. Walmart responds that Paragraph 12 does not contain an allegation; therefore, no response is required.

13. Walmart admits the allegations of Paragraph 13 only to the extent they allege Plaintiff was present in Walmart Neighborhood Market #3899 located at 215 Saint James Avenue, Goose Creek, on July 29, 2021. Walmart denies the remaining allegations of Paragraph 13 of Plaintiff's Complaint.

14. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 regarding John Doe. Further, Walmart admits the allegations of Paragraph 14 only to the extent they allege that Walmart, by and through its employees, owes a duty to customers to use ordinary care to keep the premises reasonably safe. Walmart denies the remaining allegations of Paragraph 14 of Plaintiff's Complaint.

15. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 regarding John Doe. Further, Walmart admits the allegations of Paragraph 15 only to the extent they allege that Walmart, by and through its employees, owes a duty to customers to use ordinary care to keep the premises reasonably safe. Walmart denies the remaining allegations of Paragraph 15 of Plaintiff's Complaint.

16. Walmart denies the allegations of Paragraph 16.

17. Walmart denies the allegations of Paragraph 17.

18. Walmart denies the allegations of Paragraph 18.

19. Walmart denies the allegations of Paragraph 19.

20. Walmart denies the allegations of Paragraph 20.

ELECTRONICALLY FILED - 2024 Feb 23 1:01 PM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

21. Walmart admits the allegation of Paragraph 21 only to the extent it alleges the subject store is located in Berkeley County, South Carolina. Walmart denies the remaining allegations of Paragraph 21 of Plaintiff's Complaint.

22. The allegations of Paragraph 22 are jurisdictional in nature; therefore, no response is required. To the extent that a response is required, Walmart does not contest the jurisdiction of this Court over the parties and the subject matter of this action.

**AS TO PLAINTIFF'S FIRST CAUSE OF ACTION**
**(Premises Liability; Negligence)**

23. Walmart denies the allegations of Paragraph 23.

24. Walmart denies the allegations of Paragraph 24.

25. Walmart denies the allegations of Paragraph 25.

26. Walmart denies the allegations of Paragraph 26.

27. Walmart denies the allegations of Paragraph 27, including subparts a through i.

**AS TO PLAINTIFF'S SECOND CAUSE OF ACTION**
**(Negligent Hiring, Training, Supervision and Retention)**

28. Responding to Paragraph 28 of the Complaint, Walmart incorporates and reiterates its responses set forth above in Paragraphs 1 through 27 as if repeated herein verbatim.

29. Walmart denies the allegations of Paragraph 29, including subparts a through d.

30. Walmart denies the allegations of Paragraph 30, including subparts a through c.

31. Walmart denies the allegations of Paragraph 31.

32. Walmart denies the allegations of Paragraph 32.

33. Walmart denies the allegations of Paragraph 33.

ELECTRONICALLY FILED - 2024 Feb 23 1:01 PM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

**PLAINTIFF'S PRAYER FOR RELIEF**

34. To the extent Plaintiff's prayer for relief contains allegations against Walmart, those allegations are denied.

**FURTHER RESPONDING AND AS AN AFFIRMATIVE DEFENSE**

35. Plaintiff fails to state a claim for which relief may be granted on her cause of action for negligence as Plaintiff cannot prove that Walmart breached any duty owed to Plaintiff, thereby causing her damages. As such, the Complaint should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

**FURTHER RESPONDING AND AS AN AFFIRMATIVE DEFENSE**

36. Plaintiff fails to state a claim for which relief may be granted on her cause of action for gross negligence and recklessness as Walmart at all times acted reasonably and in good faith in the exercise of its legal rights and at no time did it intentionally or recklessly fail to do something that was incumbent upon them to do, nor did it intentionally or recklessly do a thing it ought not do. Furthermore, as Walmart at no time breached any duty to Plaintiff, Plaintiff cannot establish Walmart failed to exercise even slight care. As such, the Complaint should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

**FURTHER RESPONDING AND AS AN AFFIRMATIVE DEFENSE**

37. Plaintiff's alleged injuries and damages, which Walmart expressly denies, may have been caused by and may have been the direct and proximate result of the negligence of others for which Walmart bears no responsibility and/or the negligence of Plaintiff. Therefore, Plaintiff's recovery, if any, should be barred or reduced as provided by law.

ELECTRONICALLY FILED - 2024 Feb 23 1:01 PM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

**FURTHER RESPONDING AND AS AN AFFIRMATIVE DEFENSE**

38. Plaintiff has not suffered any injuries or damages that were proximately caused by any wrongful conduct of Walmart.

**FURTHER RESPONDING AND AS AN AFFIRMATIVE DEFENSE**

39. Walmart acted in conformity with the applicable standards of care at all relevant times.

**FURTHER RESPONDING AND AS AN AFFIRMATIVE DEFENSE**

40. If an unreasonably hazardous condition existed, which Walmart expressly denies, Walmart did not create the condition and had no actual or constructive notice of the unreasonably hazardous condition.

**FURTHER RESPONDING AND AS AN AFFIRMATIVE DEFENSE**

41. The injuries and damages sustained by Plaintiff, if any, are due to and caused by the intervening and/or superseding actions of third-persons and/or third-parties for which Walmart bears no responsibility.

**FURTHER RESPONDING AND AS AN AFFIRMATIVE DEFENSE**

42. Plaintiff fails to state a claim for which relief may be granted on her cause of action for negligent hiring, training, supervision, and/or retention as Plaintiff cannot show Walmart knew or should have known that the employment of any particular associate created an undue risk of harm to the public. Additionally, Plaintiff cannot show that Walmart knew or had reason to know of the ability to control any particular associate or that it knew or should have known of the necessity and opportunity for exercising control over the conduct of any particular associate. As such, the Court should dismiss the cause of action pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

ELECTRONICALLY FILED - 2024 Feb 23 1:01 PM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

**FURTHER RESPONDING AND AS AN AFFIRMATIVE DEFENSE**

43. Walmart at all times acted reasonably and in good faith in the exercise of its legal rights and at no time breached any duty, acted with any malice or ill-will toward Plaintiff, or recklessly or wantonly, or with a conscious disregard for Plaintiff's rights, and, thus, Plaintiff cannot sustain a claim for punitive damages. Further, punitive damages as sought by Plaintiff are excessive, unconstitutional and violate the Due Process Clause of the United States and South Carolina Constitutions.

**FURTHER RESPONDING AND AS AN AFFIRMATIVE DEFENSE**

44. Walmart invokes the limitations on punitive damages as set forth in S.C. Code § 15-32-530 and denies that it committed any actions or omissions that give rise to a punitive damages award. Furthermore, pursuant to S.C. Code § 15-32-520, Walmart demands that Plaintiff's claim for punitive damages be bifurcated in accordance with the process mandated by statute.

**FURTHER RESPONDING AND AS AN AFFIRMATIVE DEFENSE**

45. The facts not having been fully developed, Walmart reserves any additional and further defenses as may be revealed by additional information through the course of discovery and investigation in a manner that is consistent with the South Carolina Rules of Civil Procedure.

ELECTRONICALLY FILED - 2024 Feb 23 1:01 PM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

WHEREFORE, having fully answered Plaintiff's Complaint, Walmart respectfully requests the Court dismiss the Complaint with prejudice, for all costs of the action to be cast upon Plaintiff, and for such further relief as this Court may deem appropriate.

*s/Robert C. Blain*
Robert C. Blain, SC Bar No. 100024
Stephen M. Foster, SC Bar No. 102709
**LEWIS BLAIN ROBERTS & BOYD, LLC**
3700 Forest Drive, Suite 400
Columbia, South Carolina 29204
(803) 790-8838
rblain@lbrblaw.com
sfoster@lbrblaw.com

*Attorneys for Walmart Defendants*

February 23, 2024

ELECTRONICALLY FILED - 2024 Feb 26 2:24 PM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

# Certificate of Electronic Notification

## Recipients

**India Shaw** - Notification transmitted on 02-26-2024 02:24:36 PM.

**Robert Blain** - Notification transmitted on 02-26-2024 02:24:37 PM.

**Stephen Foster** - Notification transmitted on 02-26-2024 02:24:37 PM.

ELECTRONICALLY FILED - 2024 Feb 26 2:24 PM - BERKELEY - COMMON PLEAS - CASE#2023CP0802988

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2023CP0802988

| | |
|---|---|
| **Official File Stamp:** | 02-26-2024 02:24:23 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Berkeley |
| **Case Caption:** | Laura Harris VS Walmart Inc. , defendant, et al |
| **Event(s):** | |
| Notice/Notice of Appearance | **Filed by or on behalf of:** |

Matthew K. Harrison

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

India Dorothy Shaw for Laura Harris

Stephen Michael Foster for Walmart Inc., Wal-Mart Real Estate Business Trust, Wal-Mart Stores East, Lp, Walmart Inc., John Doe, D/B/A Walmart Neighborhood Market #3899

Robert Canna Blain for Walmart Inc., Wal-Mart Real Estate Business Trust, Wal-Mart Stores East, Lp, Walmart Inc., John Doe, D/B/A Walmart Neighborhood Market #3899

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Realty Income Properties 16, Llc